(April 4, 1996)

■ In the Matter of MOUNTBATTEN EQUITIES, Appellant-Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 421 HUDSON STREET TENANTS ASSOCIATION et al., Intervenors-Respondents-Appellants. [640 NYS2d 82] —Order and judgment (one paper), Supreme Court, New York County (Beverly Cohen, J.), entered May 10, 1995, which, *inter alia*, denied petitioner owner's application pursuant to CPLR article 78 to annul respondent Division of Housing and Community Renewal's (DHCR) determination revoking rent increases previously granted to owner for the institution of new doorman services at the subject building, awarding certain classes of respondent tenants retroactive rent reductions, directing any unclaimed refunds to be forfeited to DHCR, denying owner's request to offset rent arrears of ten-

ants whose whereabouts are unknown against those refunds, and denying tenants' application for treble damages, attorneys' fees, and statutory interest, unanimously modified, on the law and the facts, to annul that portion of the determination which awarded rent reductions to the class of tenants who had voted in favor of the new service and rent increase but subsequently joined the original petition for administrative review (PAR) instituted against owner, and otherwise affirmed, without costs.

DHCR correctly applied the current Rent Stabilization Code (RSC) to the proceedings, rather than the former Code in effect when owner filed its application in 1983 for a building-wide rent increase for new doorman services, as there was no showing that DHCR deliberately or negligently delayed processing the application (*Matter of St. Vincent's Hosp. & Med. Ctr. v New York State Div. of Hous. & Community Renewal*, 109 AD2d 711, *affd* 66 NY2d 959). Section 20 of the Omnibus Housing Act of 1983 (L 1983, ch 403) grants DHCR the authority to apply the current Code to proceedings pending on April 1, 1984, and the exercise of such authority did not cause owner "undue hardship or prejudice" (RSC [9 NYCRR] § 2527.7), any hardship having been caused by owner's instituting the new service prior to obtaining Conciliation and Appeals Board (CAB) or DHCR approval and originally misrepresenting to the DHCR District Rent Administrator the number of consenting tenants.

Given owner's concession that it did not obtain approval from 75% of the tenants, as required by the current Code, DHCR properly denied owner's application for a building-wide rent increase. However, even under the applicable section of the former Code (Code of Rent Stabilization Association of New York City, Inc. § 20 [C] [3]), owner would not be entitled to a building-wide increase, because a "substantial number" of tenants did not approve the new service. The silence of those tenants who abstained in the building poll regarding the service cannot be deemed consent, since tenants never received written notice that their silence would be so interpreted.

DHCR properly balanced the equities pursuant to RSC § 2522.7 and Rent Stabilization Law ([RSL]; Administrative Code of City of NY) § 26-516 (b) in denying a refund to two classes of tenants—those who had voted in favor of the new service and did not participate in the PAR, and those who took occupancy in the subject building after the new service was instituted regardless of whether they participated in the PAR—and in granting a refund to two other classes of tenants—those who had voted against the new service, and those who were in occupancy at the time the service was instituted

but neither consented to nor approved the service. However, DHCR improperly balanced the equities and abused its discretion in awarding a refund to that class of tenants who voted in favor of the doorman service and fee but subsequently participated in the PAR contesting the collection of that fee. Such opportunistic actions and inconsistent positions should not be rewarded. We further note that the former Code, in effect at the time of the building poll, provided for a pro rata increase in a tenant's rent for an increase in building-wide services, by agreement with the tenant. The poll constituted a written agreement by this class of tenants to assume the new charge.

DHCR did not abuse its discretion to fashion remedies and issue orders it deems necessary to enforce the RSC and RSL (RSC § 2526.2 [a]; RSL § 26-516 [b]) by directing that unclaimed refunds be forfeited to it as a fine. Furthermore, its interpretation of those statutes as permitting treble damages only in rent overcharge proceedings was not irrational and should therefore be upheld (*Matter of Salvati v Eimicke*, 72 NY2d 784, 791).

The RSL and RSC grant DHCR discretion in deciding whether to award statutory attorneys' fees and interest (RSC § 2526.1 [d]; RSL § 26-516 [a] [4]), and it was not an abuse of that discretion to deny such sanctions in this case. This is not one of those " 'exceptional cases' " demanding the equitable grant of attorneys' fees under the "common fund" doctrine (*Builders Affiliates v North Riv. Ins. Co.*, 91 AD2d 360, 367, quoting *Sprague v Ticonic Bank*, 307 US 161, 167).

We have considered the parties' other arguments for affirmative relief and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rubin, Ross and Tom, JJ.