■ In the Matter of LEONARDO FICHERA, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [649 NYS2d 430] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about August 16, 1995, which, in a proceeding pursuant to CPLR article 78 to annul respondent's determination fixing the initial regulated rent of the subject apartment, granted respondent's motion for reargument, vacated a prior order, same court and Justice, entered on or about April 25, 1995, annulling respondent's determination, and denied petitioner landlord's application and dismissed his petition, unanimously affirmed, without costs.

Reargument was properly granted based on this Court's reversal of *Matter of Parcel 242 Realty v New York State Div. of Hous. & Community Renewal* (215 AD2d 132, *lv denied* 86 NY2d 706), originally relied upon by the IAS Court herein, which addresses most of petitioner's claims that respondent's rejection of its comparability data was arbitrary and capri-

cious. With respect to Apartment 1B, we would add that it was properly rejected as a comparable because, having been occupied by its owner for more than a year after 1953, the current tenant is not the first decontrolled tenant to take occupancy, and accordingly would not have the right to take a Fair Market Rent Appeal (9 NYCRR 2522.3 [a], [e] [1]; Administrative Code of City of NY § 26-403 [e] [2] [i] [3]; 9 NYCRR 2200.2 [f] [11]). Respondent's delay in processing the tenant's converted Fair Market Rent Appeal provides no basis for vacating the award absent a showing that the delay was deliberate or negligent (*see, Matter of Mountbatten Equities v New York State Div. of Hous. & Community Renewal*, 226 AD2d 128, 129), or violated some statutory or regulatory provision. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.