■ In the Matter of 7 WEST 87TH STREET, LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RE- NEWAL, Respondent, and ROBERT SWEENEY et al., Intervenors- Respondents. [742 NYS2d 302] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered September 11, 2001, which denied petitioner landlord's application to annul so much of respondent Division of Housing and Community Renewal's (DHCR) determination as found a rent overcharge, unanimously affirmed, without costs.

Petitioner's predecessor (herein, along with petitioner, the landlord) imposed a rent increase for improvements allegedly made to the subject apartment just before the complaining ten- ants moved in. As proof thereof, the landlord submitted a contractor's affidavit, but, when the tenants denied most of the improvements described in the affidavit, the Rent Administra- tor asked the landlord for copies of canceled checks showing payment to the contractor. The landlord did not produce such checks, whereupon the Rent Administrator rolled back most of the rent increase imposed by the landlord and ordered a refund of the excess rent paid. On its petition for administrative review (PAR), the landlord submitted another affidavit from the contractor that, unlike the first, itemized the improve- ments and assigned a price to each item, but DHCR refused to consider it. We reject the landlord's argument that such refusal was arbitrary, and that the record lacks a rational basis for finding that it failed to meet its "burden * * * to justify the increase sought by presenting documentary support therefor" (*Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal*, 171 AD2d 572, 574-575, *lv denied* 78 NY2d 861). Judicial deference is due DHCR's finding that the contractor's affidavit submitted to the Rent Administrator, which did not purport to break down the cost of each improvement and can be read to describe at least some work in the nature of normal maintenance for which a rent increase might not be allowable,

fell short of its purpose to show improvements justifying a rent increase (*see, Matter of Linden v New York State Div. of Hous. & Community Renewal*, 217 AD2d 407; *Matter of Birdoff & Co. v New York State Div. of Hous. & Community Renewal*, 204 AD2d 630; *Matter of Ista Mgt. v State Div. of Hous. & Community Renewal*, 161 AD2d 424, 425). The landlord's argument that it was arbitrary to demand six-year-old checks was rationally rejected on the ground that the tenants first disputed the rent less than a year after the alleged improvements were made. Under the circumstances, it cannot be said that it was arbitrary of DHCR not to inspect the apartment (9 NYCRR 2527.5 [b]). Nor was it arbitrary to reject the supplemental contractor's affidavit first submitted on the PAR where the only reason given by the landlord for not having presented it to the Rent Administrator is that it could not have known that the contractor's first affidavit was inadequate until after the Rent Administrator's decision (9 NYCRR 2529.6; *see, Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal, supra; Matter of Birdoff & Co. v New York State Div. of Hous. & Community Renewal, supra; compare, Matter of Clermont York Assoc. v Lynch*, 271 AD2d 262, *lv denied* 95 NY2d 766). Concur—Williams, P.J., Saxe, Buckley, Sullivan and Ellerin, JJ.