Parviz R. Mohassel, Respondent-Appellant, v Lila Fenwick, Appellant-Respondent. [775 NYS2d 257]—

Order, Supreme Court, New York County (Barbara Kapnick, J.), entered March 20, 2003, which, in an action by plaintiff tenant against defendant landlord to enforce a judgment entered April 24, 2002 pursuant to a rent overcharge award of treble damages by the State Division of Housing and Community Renewal (DHCR), granted landlord's motion to vacate the judgment to the extent of vacating so much thereof as awarded legal interest on the award subsequent to DHCR's order denying landlord's petition for administrative review (PAR), and directed the Clerk to recalculate the amount of interest accordingly,

unanimously modified, on the law, to deny in its entirety the motion to vacate the judgment, and otherwise affirmed, without costs. The Clerk is directed to vacate the amended judgment entered August 28, 2003 and to reinstate the judgment entered April 24, 2002, with legal interest from April 24, 2002 forward.

The application court stopped the running of prejudgment interest on the overcharge award as of the date that DHCR's Deputy Commissioner issued his order denying landlord's PAR. It appears that the reason the court did so was language in the Deputy Commissioner's order itself, which, after advising that it could be filed and enforced as a judgment upon expiration of the period for seeking CPLR article 78 review, further advised that "the County Clerk may add [legal interest] to the overcharge . . . from the issuance date of the Rent Administrator's Order to the issuance date of the Commissioner's Order."

The Rent Administrator's order clearly denied interest for the period encompassing the award of treble damages, i.e., for the period beginning with the overcharge and ending with the issuance of his order (cf. Rent Stabilization Law [Administrative Code of City of NY] § 26-516 [a] [4]). Just as clearly, the Deputy Commissioner's order awarded interest for the period beginning with the issuance of the Rent Administrator's order and ending with the issuance of his own order denying landlord's PAR (see Rent Stabilization Law § 26-516 [a] [4]; CPLR 5001). However, this express award of interest, only up to the date of his own order, does not evince an intent on the part of the Deputy Commissioner to deny tenant his statutory right to additional interest for the periods beginning with the issuance of that order forward to the entry of judgment (see CPLR 5002; *Davis v Waidmann Realty Corp.*, 223 AD2d 453 [1996]), and then further forward indefinitely until satisfaction of the judgment (see CPLR 5003; *Purpura v Purpura*, 261 AD2d 595, 597 [1999], *lv denied* 94 NY2d 850 [1999]).

Administrative delay does not avail landlord absent a showing that the delay was tenant's fault, not made here, and nothing in the Rent Stabilization Code's enforcement scheme (9 NYCRR 2526.1 [e]; 2529.11, 2530.1; *see also* Rent Stabilization Law § 26-516 [a] [5]; [d]) required tenant to file the judgment sooner than he did. We note DHCR's written instructions (DHCR Fact Sheet No. 16: Collecting Overcharges in Rent Stabilized Apartments in New York City) advising tenant that he could not file the overcharge award as a judgment before DHCR certified that landlord's article 78 proceeding had been concluded.

We reject landlord's argument based on the fact that the judgment names only plaintiff whereas the administrative complaint

also named a cotenant. Such challenge, assuming landlord has standing to make it (*but see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773 [1991]), is an impermissible collateral attack on a final administrative determination that did not name the cotenant and withstood judicial review (*see Matter of Jemrock Realty Co. v Roldan*, 256 AD2d 122 [1998]; *see also Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347-348 [1999]). Landlord's other arguments are unavailing. Concur—Andrias, J.P., Ellerin, Lerner and Gonzalez, JJ.