(November 23, 2004)

■ In the Matter of WAVERLY ASSOCIATES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and MITCHELL BERMAN, Intervenor-Respondent. In the Matter of MITCHELL BERMAN, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and WAVERLY ASSOCIATES, Intervenor-Respondent. [785 NYS2d 67]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), entered August 22, 2003, which denied petitioner landlord's application to annul the determination of respondent State Division of Housing and Community Renewal (DHCR), dated May 29, 2002, that landlord failed to establish certain claimed improvements to the subject apartment and overcharged intervenor-respondent tenant from March 1, 1983 to December 31, 2001 in the amount of $204,157.83, inclusive of interest up to May 29, 2002, and dismissed the petition, unanimously affirmed, without costs. Judgment, same court and Justice, entered August 22, 2003, which denied tenant's application to annul the same determination insofar as it denied awards of treble damages and attorneys' fees, and dismissed the petition, unanimously affirmed, without costs.

We reject landlord's argument that DHCR's September 2000 notice unfairly requested additional documents substantiating improvements that landlord was claiming in a rent overcharge complaint filed 17 years earlier in June 1983. The notice followed a CPLR article 78 proceeding in which landlord argued that DHCR should have informed it that its documents were inadequate, and consented to a remand sought by DHCR for the very purpose of considering additional evidence. Thus, landlord could not have been surprised by the request for additional documents, notwithstanding that the court's remand took particular note of landlord's argument that DHCR's treatment of the documents landlord did submit failed to follow DHCR's own precedent.

Moreover, the very filing of the rent overcharge complaint put landlord on notice to preserve relevant documents and testimony (*see Matter of Louis Harris & Assoc. v deLeon*, 84 NY2d 698, 705 [1994]; *Matter of 7 W. 87th St. v New York State Div. of Hous. & Community Renewal*, 295 AD2d 103, 104 [2002], *lv denied* 99 NY2d 507 [2003]), and, as far back as June 1983, DHCR informed landlord that it wanted "copies of bills showing the actual cost of the equipment" and an item-by-item breakdown of cost. Nor can landlord claim that it was lulled by the Rent Administrator's 1989 acceptance of a signed contractor's

proposal and copies of cancelled checks, later rejected as inadequate in the petition for administrative review (PAR) order issued in 1998. DHCR can request further relevant evidence of virtually any kind at virtually any stage of the proceeding (Rent Stabilization Code [9 NYCRR] § 2527.5 [b]; § 2529.7 [b]; DHCR Policy Statement 90-10; *see Matter of 201 E. 81st St. Assoc. v New York State Div. of Hous. & Community Renewal,* 288 AD2d 89, 90 [2001]).

At the January 2001 hearing, landlord did not submit any receipts, and it will not be heard to argue that DHCR should have accepted the receipts it offered at the January and April 2002 hearings, where its claim that the receipts were not previously known to exist was first raised only in the instant article 78 proceeding (*see Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, 757 [1982], *affd* 58 NY2d 952 [1983]). Moreover, the claim is contradicted by the record, which shows that landlord's attorney told the Administrative Law Judge that "landlord has had [the original renovation file] all along," and landlord fails to explain why it searched its files after receiving DHCR's December 2001 notice requesting additional documents for the January 2002 hearing but did not search its files after receiving the September notice requesting additional documents for the January 2001 hearing (*cf.* Rent Stabilization Code § 2527.5 [d]; § 2529.7 [d]; *Matter of Gilman v New York State Div. of Hous. & Community Renewal,* 99 NY2d 144, 150 [2002]). DHCR's December 2001 notice inviting landlord's submission of additional documents could not override the court order remanding the matter specifically to reconstruct the record of the January 2001 hearing, at which only tenant testified, and due process did not require a de novo hearing (*see Matter of Colton v Berman,* 21 NY2d 322, 329, 334 [1967]; *Adria Realty Inv. Assoc. v New York State Div. of Hous. & Community Renewal,* 270 AD2d 46 [2000]). Moreover, because landlord had the original renovation file "all along," and could have proved its case through that file, it did not have to rely on witnesses' fading memories, and was not substantially prejudiced by DHCR's long delay in conducting the first hearing in January 2001 (*see Matter of Louis Harris,* 84 NY2d at 703).

We have considered landlord's other arguments, including that DHCR failed to follow its own precedents in rejecting the adequacy of landlord's originally submitted documents, and find them unavailing.

Concerning tenant's appeal, DHCR's determination not to award treble damages is entitled to judicial deference since it turns in part on a factual matter, namely, whether landlord

proved that the overcharge was not willful (*see* Rent Stabilization Law [Administrative Code of City of NY] § 26-516 [a]; Rent Stabilization Code § 2526.1 [a] [1]; *Matter of Dworman v New York State Div. of Hous. & Community Renewal,* 94 NY2d 359, 371 [1999]). We reject tenant's argument that in deciding whether to impose treble damages, DHCR, as a matter of law, was limited to the issue of willfulness, and could not resort to Rent Stabilization Code § 2522.7, which, in a proceeding adjusting or establishing any legal regulated rent, such as this, authorizes DHCR's consideration of "all factors bearing upon the equities involved," such as a long delay (*cf. Matter of Corning Glass Works v Ovsanik,* 84 NY2d 619, 623-624 [1994]). We note that tenant is entitled to interest from the date of DHCR's determination, May 29, 2002, until landlord satisfies the judgment (*see Mohassel v Fenwick,* 6 AD3d 234, 235 [2004], *lv granted* 10 AD3d 846 [2004]). DHCR's refusal to award tenant attorneys' fees as against landlord was not an abuse of discretion (Rent Stabilization Law § 26-516 [a] [4]; Rent Stabilization Code § 2526.1 [d]; *see Matter of Mountbatten Equities v New York State Div. of Hous. & Community Renewal,* 226 AD2d 128, 130 [1996]), and tenant's request for attorneys' fees as against DHCR pursuant to CPLR 8601, made before there was either a final judgment or a determination as to the prevailing party, was properly denied as premature. Nor does the instant disposition of these appeals make him the prevailing party as against DHCR. Concur—Andrias, J.P., Sullivan, Ellerin, Lerner and Marlow, JJ.