■ In the Matter of JUDITH W. LACHER, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. In the Matter of CLASSIC REALTY, LLC, as Agent for RAM I LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [810 NYS2d 5]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered on or about July 20, 2005, denying the respective petitions of Lacher and Classic Realty to annul or vacate, in whole or in part, the order of the Commissioner of the Division of Housing and Community Renewal (DHCR), dated January 20, 2005, which deregulated tenant Lacher's rent-stabilized apartment, retroactive to the expiration of the lease

in effect on March 30, 2004, unanimously modified, on the law, deregulation to take effect as of March 22, 2005, and otherwise affirmed, without costs.

This is a proceeding for high-income deregulation with an extensive history. In March 2004, the Court of Appeals concluded that it was arbitrary and capricious for DHCR to deny deregulation to this landlord where the tenant had never challenged the accuracy or validity of the originally submitted verification, which reflected that her income exceeded $175,000 for the years in question (*see Matter of Classic Realty v New York State Div. of Hous. & Community Renewal*, 2 NY3d 142 [2004]). The Court observed (at 146):

"Tenant simply noted that an amended tax return would support her assertion that the apartment was not eligible for deregulation. She did not provide an explanation as to why an amended return had been filed or how the amended return differed from the return on file at the time of [the Department of Taxation and Finance]'s original verification. Tenant's answer essentially amounted to a request for a "do-over," rather than a comment on DHCR's proposed order.

"DHCR's ruling cannot stand as it invites abuse of the luxury decontrol procedures which contemplate a single verification, the result of which is binding on all parties unless it can be shown that DTF made an error. No such showing is present here, and deregulation is therefore required."

The Court's directive was unequivocal. The tenant did not make the requisite showing to prevent deregulation, and a deregulation order was thus "required." Thus, contrary to the tenant's present claims, the Court did not direct further proceedings as to the viability of her amended return.

The Court did note, as dictum, that there may be instances where a legitimate reason to amend a tax return exists, although an aggrieved tenant would have a remedy by virtue of the comment period (*id.* at 147). However, there was no statement that this tenant had any further recourse other than to petition for consideration of new evidence at the administrative review level. The tenant did so, but did not establish good cause for her late submission. She was specifically provided an opportunity to comment on the initial income verification, and although she noted that an amended return existed, she did not establish the legitimacy of that return or offer any indication as to why an amended return was filed; none of this would necessarily have involved disclosure of any income other than the "adjusted gross income" on her tax returns. While the tenant may not have "believed" that anything further was necessary, any with-

holding of information was undertaken at her own peril, since the statutory framework called for only one income verification. Clearly, the information she now proffers could reasonably have been offered or included in the proceeding at the time of the original comment period (*see* Rent Stabilization Code [9 NYCRR] § 2529.6). Further, even in her newly submitted evidence, the tenant does not proffer any basis to find that the amendment, while perhaps legitimate, is not being made to shift income and avoid deregulation. Thus, it cannot be said that it was arbitrary and capricious to find the tenant had presented insufficient reason to warrant disturbance of the rent administrator's determination (*see Matter of 7 W. 87th St. v New York State Div. of Hous. & Community Renewal*, 295 AD2d 103 [2002], *lv denied* 99 NY2d 507 [2003]; *Matter of Levine v New York State Div. of Hous. & Community Renewal*, 243 AD2d 373 [1997]).

However, the effective date of deregulation set by DHCR constituted an error of law, based on the facts presented. As noted by the tenant, and conceded by DHCR, the language of the rent stabilization system with respect to deregulation is prospective in nature. While "calculated action" by municipal authorities to frustrate a landlord's rights may occasionally warrant "unusual remedies" (*Mayer v City Rent Agency*, 46 NY2d 139, 152 [1978]), the facts of this case are not appropriate for such action. Thus, under the Rent Stabilization Code, deregulation is prospective from the petition for administrative review (PAR) decision of January 20, 2005. Since no lease was in effect as of that date because the landlord had not offered the tenant a renewal, the lease is deemed to have been renewed upon the same terms and conditions as those previously in effect, under section 2523.5 (c) (2) of the Code. Since it is uncontested that all prior renewal leases, after commencement of the deregulation proceeding, contained lease riders regarding high-income deregulation, the effective date of deregulation is 60 days after the PAR decision, or March 21, 2005.

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Marlow, Gonzalez and Sweeny, JJ.