OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
In this licensee summary proceeding (RPAPL 713 [7]) filed on or about October 3, 2006 landlord contends that appellant Keir Walker is a licensee of the deceased tenant of record Cynthia Reed and that appellant’s right to occupy the subject premises terminated upon Reed’s death. In opposition, appellant asserts that he is the eldest son of Cynthia Reed and entitled to succeed to her rent-stabilized tenancy by virtue of his contemporaneous co-occupancy of the apartment for the requisite statutory period, prior to her death on April 25, 2006 (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1]).
Prior to landlord’s initiation of the subject licensee proceeding, appellant, on August 7, 2006, filed a complaint with the Division of Housing and Community Renewal (DHCR) alleging entitlement to a renewal lease in his own name. Appellant’s complaint was denied by DHCR by order dated December 20, 2006, which, in relevant part, stated:
“After consideration of all the evidence in the record, the Rent Administrator finds that:
“On August 7, 2006, the complainant, Keir Walker, filed a lease violation complaint, alleging that after the death of his mother, Cynthia Walker, on April 25, 2006, the owner refused to recognize his succes *15 sion rights to the subject apartment.
“On September 8, 2006, a copy of the tenant’s complaint was served on the owner. In response, the owner stated that the complainant has not submitted any proof to support his claim of succession rights to the subject apartment.
“On November 9, 2006, a copy of the owner’s response was forwarded to the tenant and the complainant was requested to submit additional information and documentation to establish succession rights to the subject apartment. To date, the complainant failed to respond. Based on the above, the Rent Administrator determines that the complainant, Keir Walker, has not been able to provide sufficient proof to establish his succession rights for the subject apartment in accordance with the provisions of Section 2523.5 (b) (1) of the Rent Stabilization Code. Therefore, Keir Walker[ ] is not entitled to a renewal lease for the subject apartment.
“Therefore, it is ordered that the relief requested is denied, and/or this proceeding is terminated.”
After DHCR issued its determination, landlord moved for summary judgment. In support of its application for summary judgment, landlord argued that appellant was barred by collateral estoppel and res judicata from raising a defense to the licensee proceeding premised upon succession rights.
Appellant opposed landlord’s motion, contending that he had not received any requests from DHCR relative to his complaint. In support of his right of succession, appellant submitted various documents, including copies of his federal tax returns for the period of 2003 through 2005, demonstrating his claimed residence at the subject premises for more than two years prior to the death of Cynthia Reed.
The Civil Court found that appellant was precluded by the DHCR determination from raising his succession rights claim as a defense to the licensee proceeding, denied the cross motion to dismiss and granted landlord’s motion for summary judgment (see 17 Misc 3d 1118[A], 2007 NY Slip Op 52053[U] [2007]).
Landlord’s motion for summary judgment was properly granted. Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (b) and the Rent Stabilization Code (RSC) (9 NYCRR 2526.2 [a]) grant the DHCR the authority to issue orders appropriate for the enforcement of the Rent *16 Stabilization Code (see Matter of Mountbatten Equities v New York State Div. of Hous. & Community Renewal, 226 AD2d 128, 130 [1996]). Pursuant to RSC § 2523.5 (a), a landlord is obligated to offer a tenant a renewal lease, and, if the tenant is deceased, a family member of the deceased tenant can be named to the renewal lease (RSC [9 NYCRR] § 2523.5 [b] [1]). If a landlord fails to comply with its obligation to provide a renewal lease, the tenant or the family member may apply to DHCR for an order directing the landlord to provide such a renewal (id. at § 2527.1).
Once a complaint is filed, DHCR is empowered to issue an order either granting or denying the relief requested (id. § 2527.6), which is thereafter subject to administrative review upon the filing of a petition by a party (id. § 2529.1).
In the case at bar, appellant filed a complaint with DHCR, which resulted in an unfavorable determination predicated on his failure to submit sufficient evidence. He thereafter failed to petition DHCR for a modification of the order which denied his entitlement to a renewal lease. Accordingly, under the circumstances presented, the Civil Court properly held that appellant was barred by res judicata from relitigating in housing court the question of his succession to his mother’s rent-stabilized lease.
The doctrine of res judicata is applicable even if the order is taken by default (see Matter of Eagle Ins. Co. v Facey, 272 AD2d 399 [2000]) or even if further investigation would disclose that an erroneous determination was made based upon a party’s oversight (see Matter of Reilly v Reid, 45 NY2d 24, 28 [1978]).
Accordingly, the order is affirmed.