Order, Supreme Court, New York County (Anil C. Singh, J.), entered October 3, 2011, which, upon reargument, adhered to a prior order denying and dismissing a CPLR article 78 petition seeking to annul an order of respondent New York State Division of Housing and Community Renewal (DHCR), issued June 16, 2010, which denied petitioner’s petitions for administrative review of two orders finding rent overcharges, unanimously affirmed, without costs.
*629 Although the court’s order purported to deny the motion to reargue, by considering the merits of petitioner building owner’s argument that the court had mistakenly attributed certain payroll records to petitioner rather than to the contractor that performed apartment renovations, the court, in effect, granted reargument. Accordingly, the order is appealable (see Premier Capital v Damon Realty Corp., 299 AD2d 158 [1st Dept 2002]). Petitioner’s substantive arguments on appeal are, however, without merit.
The role of a court in an article 78 proceeding is to consider whether the “determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803 [3]). A court must uphold an agency’s exercise of discretion unless it lacks a rational basis (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
DHCR acted within its discretion, and in accordance with Policy Statement 90-10, in requesting additional proof that petitioner actually paid the contractor, with whom it shared a familial identity of interest, for the renovations allegedly performed in the two apartment units at issue (see Matter of Waverly Assoc. v New York State Div. of Hous. & Community Renewal, 12 AD3d 272 [1st Dept 2004]), and, when such proof was not forthcoming, in determining that the evidence of cost and payment was inadequate to support “individual apartment increases” in rent. Further, under all of the relevant circumstances, the imposition of treble damages was appropriate. Concur—Tom, J.P., Andrias, Acosta, Manzanet-Daniels and Román, JJ.