OPINION OF THE COURT
Per Curiam.
Order dated July 31, 2014, affirmed, with $10 costs.
In the particular circumstances of this case, Civil Court properly declined to give preclusive effect to the short form order, dated March 19, 2014, of the Division of Housing and Community Renewal (DHCR), denying respondent’s succession claim.
The DHCR proceeding was commenced by respondent, while unrepresented, one month prior to the commencement of this licensee holdover proceeding. Respondent interposed and is vigorously litigating a succession defense in this proceeding, and produced, in response to petitioner’s discovery requests, substantial documentation to support that defense. At approximately the same time, the DHCR proceeding was essentially abandoned when respondent, albeit mistakenly, failed to respond to DHCR’s request for supportive documentation, a failure which resulted in the agency’s March 19, 2014 order dismissing the claim on the ground that respondent “failed to submit the required information/evidence to substantiate” his succession claim.
In view of the realities of the parties’ litigation — where the underlying judicial proceeding is being vigorously litigated, while the simultaneously pending DHCR proceeding was abandoned and dismissed without the submission of evidence by either party — it would be unjust and unfair to preclude respondent from having his facially meritorious succession claim heard on the merits in this proceeding (see Matter of Halyalkar v Board of Regents of State of N.Y., 72 NY2d 261, 268-269 [1988]; Gilberg v Barbieri, 53 NY2d 285, 291 [1981]; Griffin Units, LLC v Walker, 24 Misc 3d 13 [2009, Steinhardt, J., dis *32 senting]). “In properly seeking to deny a litigant two ‘days in court’, courts must be careful not to deprive him of one” (Matter of Reilly v Reid, 45 NY2d 24, 28 [1978], citing Commissioners of State Ins. Fund v Low, 3 NY2d 590, 595 [1958]). Collateral estoppel is a flexible doctrine grounded on principles of fairness that should not be mechanically applied just because some of its formal prerequisites, like identity of parties, identity of issues, a final and valid prior judgment and a full and fair opportunity to litigate the prior determination, may be present (see Jeffreys v Griffin, 1 NY3d 34, 41 [2003]).
Schoenfeld, J.P., Hunter, Jr. and Ling-Cohan, JJ., concur.