Petros Realty Owners, LLC, Respondent,
against
Joseph Vetrano, Appellant.




Joseph Vetrano, appellant pro se.
Sidrane & Schwartz-Sidrane, LLP (Steven D. Sidrane of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Susan F. Avery, J.), entered September 16, 2015. The final judgment, entered pursuant to a decision of that court dated August 7, 2015, after a nonjury trial, awarded landlord possession and the principal sum of $2,074.60 in a nonpayment summary proceeding.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated August 7, 2015 is deemed a premature notice of appeal from the final judgment entered September 16, 2015 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment is affirmed, without costs.
Landlord commenced this nonpayment summary proceeding to recover rent which tenant, who is rent controlled, had withheld based on landlord's alleged failure to properly calculate his rent in relation to J-51 tax relief and fuel cost adjustments. At a nonjury trial, the parties provided proof, variously, of a series of New York State Division of Housing and Community Renewal (DHCR) rent and fuel cost determinations, and its rulings on tenant's two petitions for administrative review, from which tenant had sought no further review. Tenant produced [*2]calculations as to the rent he claimed would be owed had DHCR properly reviewed the maximum collectible rents, but the Civil Court, ruling that, upon the record presented, it could not review the DHCR's rent determinations, concluded that landlord was entitled to the principal sum of $2,074.60 in unpaid rent. We deem tenant's notice of appeal from the decision after trial to be a premature notice of appeal from the final judgment entered pursuant thereto awarding landlord possession and the sum of $2,074.60 (see CPLR 5520 [c]).
Trial courts and DHCR have concurrent jurisdiction to hear and decide overcharge complaints (see Downing v First Lenox Terrace Assoc., 107 AD3d 86 [2013]). Thus, once DHCR has ruled on such a complaint, the Civil Court is generally barred on res judicata grounds from permitting relitigation of the merits of the issues determined in the prior DHCR order (see e.g. Chatsworth 72nd St. Corp. v Rigai, 35 NY2d 984 [1975]; Griffin Units, LLC v Walker, 24 Misc 3d 13, 16 [App Term, 2d Dept, 2d, & 11th Jud Dists 2009]) "that either went unchallenged within the applicable limitation period or, if timely challenged, was affirmed on administrative or judicial review" (Latipac Corp. v BMH Realty LLC, 93 AD3d 115, 130 [2012]; see also Gersten v 56 7th Ave. LLC, 88 AD3d 189, 201-202 [2011]).
Here, the several DHCR orders submitted by the parties, issued between 2010 and 2015, establish the legal collectible rents for the relevant period, which include J-51 and fuel cost adjustments, and the dispositions of tenant's petitions for administrative review. These documents establish a balance of $2,074.60 owed to landlord. Tenant does not dispute the calculations; rather, it is tenant's position, in essence, that DHCR's rent calculation for 2013 included an overcharge based on landlord's prior failure to properly charge or credit him with tax and fuel-related costs and benefits. However, DHCR has twice reviewed tenant's claims as to the proper chargeable rent based on the same arguments, and tenant did not seek CPLR article 78 review of any of the DHCR orders following the petitions for administrative review. Accordingly, the final judgment awarding landlord the principal sum of $2,074.60 is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 25, 2018