In the Matter of LUCOT, INC., Respondent-Appellant, *v.* HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant-Respondent.

In the Matter of NATKEN REALTY CORP., Respondent-Appellant, *v.* HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant-Respondent.

In the Matter of JEROME R. JAKUBOVITZ, Doing Business under the Name of J. R. J. MANAGEMENT Co., Respondent-Appellant, *v.* HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant-Respondent.

In the Matter of JEROME R. JAKUBOVITZ, Doing Business under the Name of J. R. J. MANAGEMENT Co., Respondent-Appellant, *v.* HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant-Respondent.

First Department, December 5, 1963.

*Bernard Buchwald* of counsel (*Barry A. Tessler* with him on the brief; *Harry Bigman,* attorney), for Lucot, Inc. and others, respondents-appellants.

*Beatrice Shainswit* for City Rent and Rehabilitation Administrator, appellant-respondent.

RABIN, J. These are four companion appeals and cross appeals which review Special Term's determinations in four article 78 proceedings commenced to annul orders of the City Rent and Rehabilitation Administrator which revoked rent increases originally granted to the respective landlord petitioners.

The landlords in these proceedings filed with the City Rent and Rehabilitation Administrator applications for increases in the maximum rentals of various units of controlled housing. The increases were granted by reason of the execution of two-year written leases, the furnishing of certain improvements, services and equipment, and the installation of new kitchen cabinets. The increases for the improvements, services and equipment, were based upon a schedule promulgated by the Administrator and bore no direct relationship to the cost of these items, whereas the increases resulting from the installation of the kitchen cabinets were computed upon the cost to the landlord.

Subsequent to the issuance of the orders granting the increases an investigation was conducted which indicated that the bills submitted as to the cost of the kitchen cabinets were fraudulent

in that they reflected a cost greatly in excess of the prices actually paid. The local rent office thereupon instituted proceedings to revoke the original orders granting the increases. Orders were subsequently issued revoking all the increases granted in all three categories. Upon protest to the City Administrator the orders were sustained.

Article 78 proceedings were then instituted by the landlords to have the orders of the Administrator reviewed and annulled. Special Term affirmed only that portion of the orders as referred to the kitchen cabinets. It annulled the revocation of the other increases with a remand for further proceedings as to them. It is these orders of Special Term that we now review.

The Administrator argues that the fraud of the petitioners tainted the entire application of each and it was within her discretionary power to reject them *in toto* for such reason. The petitioners, on the other hand, contend that the finding of fraud with respect to the cost of the kitchen cabinets does not permit a revocation of the increases based upon the other items. They also contend that as to the kitchen cabinets, the increase may only be reduced to a figure based upon the actual cost thereof.

In our view the Administrator's revocation orders should be sustained with the exception of that portion which revoked the increase theretofore granted as a result of the execution of the two-year written leases.

Section Y41–5.0 of the New York City Administrative Code provides, *inter alia*, for the adjustment of maximum rents in certain specified situations. Subdivision g (par. [1], cl. [e]) of that section provides for the increase in maximum rentals where the "landlord and tenant by mutual voluntary written agreement, subject to the approval of the city rent agency, agree to a * * * change in the * * * equipment provided in the housing accommodations". Implementing that statutory provision the Administrator has promulgated subdivision a of section 33.1 of the Rent, Eviction and Rehabilitation Regulations. This provision provides that the "Administrator may grant an appropriate adjustment of a maximum rent where he finds that: a. The landlord and tenant by mutual voluntary written agreement, subject to the approval of the Administrator, agree to a substantial * * * change in the * * * equipment provided in the housing accommodation".

It is apparent, therefore, that more is required than the furnishing of additional equipment coupled with the requisite consents to entitle the landlord to an upward adjustment in the maximum rental. The increase does not become operative automatically. Affirmative action by the Administrator is required

before such increase is effective. What action will be taken by the Administrator depends, of course, upon an examination and appraisal of the facts contained in the required application for an increase. If, when the application is filed, the Administrator finds that it was not submitted honestly and in good faith, or that the statements supporting such application are fraudulent, she may deny the relief sought and such denial would be sustained. Likewise, if the fraud is discovered after the increases are granted they may and should be revoked.

The Administrator having found that substantial portions of these applications were premised on fraudulent documents took the proper action in revoking the increases granted in reliance on such documents. The Administrator need not examine the applications in a piecemeal fashion to determine which portions of the sought-for increases have bona fide support and which rest upon fraud. If the Administrator finds an application to be tainted with fraud she need not be burdened with the task of segregating the true from the false. If the applications contained errors resulting from honest mistakes or inadvertence the Administrator should and perhaps would segregate the good from the bad. But an applicant can hardly complain if the Administrator refuses to assume this additional task where it is found that the applications are tainted by deliberate fraud.

We find no merit to the petitioners' argument that they have been deprived of property in violation of their constitutional rights. Certainly this argument cannot be addressed to the constitutionality of the statute for it does provide for compensation for the use of their property. Nor is it a deprivation of petitioners' rights to require them to make application for such increases under reasonable regulations. Implicit is the requirement that the facts contained in such application be truthfully stated. Petitioners should not be heard to complain that they are being deprived of their property without due process if their request for increases is denied because the application is based on statements that are fraudulent.

As aforesaid, our conclusion is otherwise with reference to those portions of the applications seeking increases in the maximum rental by reason of the execution of two-year written leases. Subdivision g (par. [1], cl. [d]) of section Y41–5.0 of the New York City Administrative Code provides for an increase in maximum rentals where the "landlord and tenant voluntarily enter into a valid written lease in good faith with respect to any housing accommodation". Section 33.2 of the regulations provides that where the parties enter into such a written lease "the maximum rent shall be automatically increased by the

execution of such lease ''. It is at once apparent that there is a significant difference between the function of the Administrator in a situation involving increased equipment and that involving a new lease. In the former case affirmative action on the part of the Administrator is required before the increase is effective. In the latter no such action is needed. Upon the execution of the lease described there is an automatic increase* and the Administrator need not act thereon to effectuate such increase.

Since such increase is in a sense self-executing, the Administrator may not affect the same, albeit coupled with other requests tainted with fraud. The discretionary power enabling the Administrator to reject the latter is not available with respect to the former.

Accordingly, the orders of Special Term should be modified on the law, and in the exercise of discretion, in accordance with this opinion. Settle orders.

Botein, P. J., Breitel, Stevens and Eager, JJ., concur.

Orders, entered on May 27, 1963, unanimously modified on the law, and in the exercise of discretion, in accordance with the opinion herein by Rabin, J. Settle orders on notice.

---

* There are certain provisions which the lease must contain before the maximum rental is increased but they are not here pertinent (§ 33.2, subd. a, pars. [1-4]).