■ In the Matter of 985 FIFTH AVENUE INC., Respondent, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant.—Judgment of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on December 26, 1989, which granted petitioner's application pursuant to CPLR article 78 to the extent of remanding the matter to respondent agency for further findings, is unanimously reversed on the law and the petition denied and dismissed, without costs or disbursements.

Petitioner, the owner and landlord of the premises at 985 Fifth Avenue in Manhattan, was the subject of a rent overcharge complaint by the tenant of apartment 16B. The tenant had taken occupancy pursuant to a three year lease commencing on October 1, 1982 at a monthly rental of $2,851.00. On February 4, 1985, respondent State Division of Housing and Community Renewal (DHCR) informed the landlord of the pendency of the complaint and advised it of the right to respond. In addition, the agency's notice stated that "[f]or increases based on new equipment or services, you must attach invoice(s) showing costs and date(s) of equipment pro-

vided or services installed", and the answer form sent to petitioner specifically provided that it had the right to document its alleged improvements. However, petitioner failed to submit any such invoices or other material relating to the tenant's contention that he had paid the full purchase price for the stove, refrigerator, dishwasher and that, moreover, the landlord had not paid for the original painting of the apartment.

On April 18, 1985, DHCR again requested proof of purchase and installation of the appliances. This time, the landlord replied to the communication, admitting that it had neither installed the appliances nor paid for the painting; it claimed to have refunded the tenant for his expenditures with respect to these items. Subsequently, the agency issued two further demands for bills, invoices and cancelled checks for the purported improvements but, while petitioner repeated that it had reimbursed the tenant, no documentation was forthcoming. It should be noted that while the tenant was, indeed, refunded the cost of the appliances, this was not done until approximately a year after he had filed his complaint against the landlord.

The absence of invoices or bills for the stove, refrigerator and dishwasher rendered it impossible for DHCR to calculate what portion of the rent increase charged was for the painting of the apartment, something which respondent characterizes as a mere decoration that cannot legally constitute a basis for a raise in rent. Consequently, the Administrator, having examined the rental history of the apartment, disallowed an additional rent increase charged by the landlord pursuant to section 20 (C) (1) of the Code of Rent Stabilization Association of New York City, Inc. (Code), then in effect, and directed a substantial refund to the tenant, including an excess security deposit and treble damages, as well as a reduction in the monthly rental. The landlord filed a Petition for Administrative Review (PAR) in which it alleged heretofore unclaimed expenditures, as described by the Commissioner of respondent agency, in the following manner: "In its petition, the owner contends, in pertinent part, that the October 1, 1982 increase from $2,425.00 per month to $2,851.00 included additional charges representing ¼0th of the cost of equipment supplied to the subject apartment as follows: $119.00 per month for air conditioning; $15.00 per month for shades; $49.48 per month for other new equipment; The owner submits with its petition an invoice, dated August 28, 1981, from Ice-Cap Incorporated for twenty air-conditioners shipped to the subject building.

The owner also submits a letter from its own office, addressed to a Mark Williams, dated June 6, 1986, which lists seven air-conditioners having been delivered to the subject apartment."

The Commissioner found that the serial numbers of the air conditioners referred to in the invoices provided by the landlord to show their cost did not match the serial numbers listed in the letter intended to prove that seven units had been installed in the tenant's apartment. Moreover, the Commissioner noted that the documentation should have been supplied during the administrative proceeding and did not have to be considered on appeal. According to the Commissioner, the landlord had conceded that it had not paid for the new stove, refrigerator or dishwasher and had not painted the apartment. He also observed that no documentation had been furnished to substantiate the cost of shades or other new equipment purportedly installed. Consequently, he upheld the determination of the Administrator and denied the landlord's appeal. The instant article 78 proceeding ensued. In remanding the matter for further findings, the Supreme Court concluded that detailed proof regarding the cost of equipment and services in dispute was needed "since there appears to have been considerable confusion and lack of clarity in the record". This was in error, and the petition should have been denied and dismissed.

The Rent Stabilization Law and Code then in existence prohibited an owner from charging in excess of base rent plus applicable guideline increases except upon certain enumerated grounds (Code § 20 [C] [1], superceded by a virtually identical provision in amended Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [1]). Applicable to the instant situation, section 20 (C) (1) stated that: "An owner is entitled to a rent increase where there has been a substantial increase, other than an increase for which an adjustment may be claimed pursuant to paragraph (2) of this subdivision, of dwelling space or an increase in the services, or installation of new equipment or improvements, or new furniture or furnishings, provided in or to the tenant's housing accommodation, on written tenant consent to the rent increase. In the case of vacant housing accommodations, tenant consent shall not be required."

The same provision allowed an owner to recover the full cost of the item over time by increasing the base rent by 1/40th of the cost although the rent raise continued past the forty month recoupment period. However, the burden is upon the owner to justify the increase sought by presenting documentary support therefor, and it must submit all relevant in-

voices, bills, cancelled checks and/or other material to the Administrator and not initially at the appellate stage unless it is established that this evidence could not reasonably have been offered at the administrative proceeding (9 NYCRR 2529.6; *see also, Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 58 NY2d 952).

Clearly, petitioner herein was accorded ample opportunity to supply to the Administrator documentation concerning the installation or payment of any appliances or equipment, and it failed to do so. Yet, the Commissioner, notwithstanding that it would have been entirely appropriate to have rejected or ignored any material introduced originally during the PAR, nonetheless examined the invoice and letter supplied by petitioner and discerned a discrepancy in the serial numbers. Further, the landlord did not furnish any documentation whatever to demonstrate the costs supposedly incurred for shades and other unspecified items. Under these circumstances, the Commissioner certainly had a rational basis to rule that the landlord had improperly charged the tenant for items which it could not substantiate, and the Supreme Court was not warranted in providing petitioner with another chance to do what it had neglected to do in the first place.

As for the issue of treble damages, it should be pointed out that the landlord did not challenge the assessment of such damages at the PAR, and judicial review is limited to matters contained in the administrative record *(see, Brusco v New York State Div. of Hous. & Community Renewal,* 170 AD2d 184; *Matter of Rozmae Realty v State Div. of Hous. & Community Renewal,* 160 AD2d 343, *lv denied* 76 NY2d 712). However, were we to consider petitioner's arguments in this respect, we would deem them to be without merit. The imposition of treble damages for rent overcharging is authorized by section 26-516 (a) of the Administrative Code of the City of New York (previously § YY51-6.0.5 [a]) unless "the owner establishes by a preponderance of the evidence that the overcharge was not willful". In that connection, not only has petitioner failed to prove that its conduct was not wilful, but the record of this proceeding more than justifies a finding that the landlord was wilfully charging the tenant for appliances which it was aware that it had not purchased or installed. Moreover, the tenant was not reimbursed until a year after he had filed his complaint. Accordingly, a rational basis supports respondent's award of treble damages *(see, Matter of Lavanant v State Div. of Hous. & Community Renewal* 148 AD2d 185). In any event, the law is settled that

an administrative agency's interpretation of applicable statutes and regulations shall be given due deference where such construction is not irrational or unreasonable *(Matter of Albano v Kirby,* 36 NY2d 526; *Matter of Lavanant v State Div. of Hous. & Community Renewal, supra).* Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.