■ In the Matter of MICHAEL LINDEN, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [629 NYS2d 32] —Judgment, Supreme Court, New York County (Edith Miller, J.), entered March 11, 1994, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination imposing treble damages for a rent overcharge, and dismissed the petition, unanimously affirmed, without costs.

Judicial deference is due respondent's finding that the bills and invoices petitioner submitted to show that he made "improvements" to the apartment that justified a rent increase under former Code of the Rent Stabilization Association of New York City, Inc. § 20 (C) (1) (*see*, 9 NYCRR 2522.4 [a] [1]) fell short of that purpose, and, with one minor exception, showed nothing more than normal maintenance and repair (*see*, *Matter of 985 Fifth Ave. v State Div of Hous. & Community Renewal*, 171 AD2d 572, 574-575, *lv denied* 78 NY2d 861). And even if the work were found to be "improvements", petitioner still would not have been entitled to a rent increase unless the work was performed with the written consent of the tenant then in occupancy or during a vacancy, a showing that petitioner failed to make. Petitioner having failed to show that the overcharge was not willful (Administrative Code of City of NY § 26-516 [a]), the maintenance and repair nature of the work being manifest, and the overcharge well exceeding what the lawful increase would have been had the amount expended been for improvements, treble damages were properly imposed. We have examined petitioner's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rubin, Ross, Asch and Tom, JJ.