■ In the Matter of MAYFAIR YORK COMPANY, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [658 NYS2d 270] —Order and judgment (one paper), Supreme Court, New York County (William McCooe, J.), entered October 30, 1996, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination finding a rent overcharge and imposing treble damages, and dismissed the petition, unanimously affirmed, without costs.

Respondent's finding that certain work done to the subject apartment, claimed by petitioner to constitute "improvements" within the meaning of Rent Stabilization Code (9 NYCRR) § 2522.4 justifying a rent increase, amounted only to normal maintenance and repair necessarily entailed respondent's expertise in evaluating the documentation and other factual data before it concerning this work, and is entitled to deference if not irrational or unreasonable (*see, Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206, 213), which it is not. The record, which, among other factors, shows that most of the disallowed work was for painting, skim coating, partial floor replacement and partial rewiring, also supports respondent's finding that petitioner failed to rebut the presumption of willfulness, justifying the award of treble damages (*see, Matter of 985 Fifth*

*Ave. v State Div. of Hous. & Community Renewal*, 171 AD2d 572, *lv denied* 78 NY2d 861). We have considered petitioner's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach, Tom and Mazzarelli, JJ.