■ In the Matter of DONNEL STERN et al., Respondents, and PARCEL ONE COMPANY, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [673 NYS2d 7] —Order, Supreme Court, New York County (David Saxe, J.), entered May 1, 1996, which, *inter alia*, granted the petition to the extent of remanding the matter for further consideration, unanimously reversed, insofar as appealed from, on the law, without costs, and the petition denied.

Under the Rent Stabilization Code, the Commissioner of respondent New York State Division of Housing and Community Renewal (DHCR) may accept evidence during the proceeding on the petition for administrative review (PAR) that "could not reasonably have been offered or included in the proceeding prior to the issuance of the order" of the Rent Administrator (9 NYCRR 2529.6; *see also, Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal*, 171 AD2d 572, 575, *lv denied* 78 NY2d 861). Here, since the DHCR had failed to follow its customary procedures in affording the landlord an opportunity to complete its comparability data prior to the decision of the Rent Administrator, the Commissioner properly accepted the data during the PAR proceeding.

We recognize that the subject data were not usable at the time of the Rent Administrator's decision because 90 days had not yet elapsed from the time the current tenant of the comparable apartment had been served with a copy of the initial rent registration (*see*, 9 NYCRR 2522.3 [e], [f]; 2523.1). However, this did not render the Commissioner's acceptance of the data at the PAR level improper. Indeed, had DHCR followed its customary procedures, sufficient time would have elapsed prior to the issuance of the order of the Rent Administrator for the comparability data at issue here to have become usable. Under these circumstances, and in light of the considerable weight to be afforded the agency's interpretation of its own regulations, we find that the IAS Court erred in finding that the DHCR did not have the authority to accept the documentation during the PAR proceeding. Since DHCR's determination was in compliance with its regulations, rationally based, and was not arbitrary and capricious, the order should be reversed insofar as it remanded the matter for further proceedings. Concur— Ellerin, J. P., Nardelli, Mazzarelli and Andrias, JJ.