OPINION OF THE COURT
Richard F. Braun, J.
This is a CPLR article 78 proceeding. Petitioner seeks a reversal of respondent’s decision as to a major capital improve *735 ment (MCI) rent increase application by her landlord (not a party to this proceeding), or a remand to respondent.
Petitioner’s landlord filed an application with respondent NYS Division of Housing & Community Renewal (DHCR) for approval of an MCI increase in the rents of the tenants of 414 East 71st Street, Manhattan, based on repiping, and replacement of the boiler, burner, and hot water heater in the building. MCI’s generally are building-wide improvements which benefit all tenants of a building (Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [2] [i] [c]). A building owner may apply for an increase in the rents of his or her tenants based on MCI’s (Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [2] [i]). The above improvements which were enumerated in the owner’s application for an MCI rent increase for the tenants of the subject building are all listed in the Rent Stabilization Code’s Schedule of Major Capital Improvements (Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [3] [i] (/]). Respondent DHCR reviewed the owner’s application, and the Rent Administrator of respondent DHCR approved it.
Petitioner and other tenants of 414 East 71st Street each filed a petition for administrative review (PAR) which is the administrative appeal before respondent DHCR of a Rent Administrator’s decision (Rent Stabilization Code [9 NYCRR] § 2529.1 [a]). Respondent DHCR issued an order and opinion on November 20, 1998 denying the PAR’s.
The basis for petitioner’s challenge is that her landlord did not apply for the MCI increase until more than two years after completion of the work upon which the MCI application was grounded. Petitioner’s landlord applied for the MCI increase on March 22, 1996. Petitioner is correct that generally an owner must apply for an MCI increase no more than two years after completion of the work upon which the application is based (Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [8]). That provision applies here, and petitioner has submitted evidence to show that at least some of the improvements were completed more than two years before the application.
The order and opinion denying the PAR’s does not state that petitioner submitted insufficient evidence but rather states that “the tenants”, which include petitioner, did not submit “any information to support their allegations that the installation was completed more than two years prior to the filing of the application herein.” (Emphasis added.) To the contrary, petitioner submitted documents that supported her position, particularly including a September 9, 1998 letter from the New *736 York City Department of Buildings. That letter states that the boiler installation was signed off on October 21, 1993, nearly 2V2 years before the landlord’s MCI application on March 22, 1996.
Respondent’s attorney argues that it was proper for respondent DHCR not to consider the documents presented by petitioner for the first time at the PAR stage because they were not submitted by petitioner to the Rent Administrator. The scope of respondent DHCR’s review at the PAR stage is generally limited to facts or evidence which were before the Rent Administrator; however, where a petitioner submits with the PAR facts or evidence that the pétitioner shows “could not reasonably have been offered or included in the proceeding prior to the issuance of the order being appealed, the proceeding may be remanded for redetermination to the Rent Administrator to consider such facts or evidence.” (Rent Stabilization Code [9 NYCRR] § 2529.6.)
Petitioner states in her PAR that she never received the notice to tenant of MCI rent increase application, which is form No. RA 79-N (2/96). That was the notice that should have been sent to petitioner to give her notice of the MCI rent increase application by her landlord. If she had received such notice, she would have been able to challenge her landlord’s application at the Rent Administrator stage. Respondent does not demonstrate that petitioner received any such notice. Exhibit A-3 of the return of respondent DHCR (the record in the administrative proceeding below) only shows that notice of the MCI rent increase application was sent to a tenant of another apartment in the building where petitioner lives. None of the notices or tenant responses in exhibit A-4 of the return are to or from petitioner. Thus petitioner has established why she could not have reasonably offered or included in the proceeding before the Rent Administrator the documents that she first submitted at the PAR stage, and therefore those documents should have been considered before respondent DHCR issued its final determination (see, Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal, 171 AD2d 572, 574-575 [1st Dept], lv denied 78 NY2d 861 [1991]).
As a matter of fundamental fairness, under the circumstances here, petitioner should be given the opportunity to present her documentation to respondent DHCR so that her evidence can be evaluated by respondent. Respondent should consider all of petitioner’s submissions before reaching its final determination on the merits of the MCI application by *737 petitioner’s landlord. This proceeding should be remanded to respondent (see, Matter of 47 Clinton St. Co. v New York State Div. of Nous. & Community Renewal, 161 AD2d 402 [1st Dept 1990]).