■ In the Matter of 201 EAST 81ST STREET ASSOCIATES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and MITCHELL GOULD, Intervenor-Respondent. [733 NYS2d 23] —Judgment, Supreme Court, New York County (Lottie Wilkins, J.), entered April 26, 2000, which denied petitioner's application to annul respondent's determination finding a rent overcharge and imposing treble damages and dismissed the petition, unanimously affirmed, without costs.

Respondent Division of Housing and Community Renewal's (DHCR) determination, largely based on credibility, that most of the claimed improvements were never performed or that the costs thereof were greatly inflated, with petitioner's knowledge, is not arbitrary and capricious. Ample support therefor can be found in the testimony of the tenant and four witnesses, an architect, plumber, electrician and carpenter. They testified that no plumbing or rewiring work was done in areas other than the kitchen, that the painting, plastering and demolition were therefore largely routine and not a permissible cost for purposes of the 1/40th rent increase allowable under Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (1) and (4) (*see, Matter of Mayfair York Co. v New York State Div. of Hous. & Community Renewal*, 240 AD2d 158), and that the charges for other work were excessive, both when compared to the costs for similar work done by the contractor on a similar apartment in the building a year before, and to what the tenant's witnesses would have charged. This was corroborated by petitioner's contractor's testimony that he charged lower prices for similar improvements to the other apartment, and by the

testimony of petitioner's principal that he knew the charges for the subject apartment were inflated because the contractor was trying to recoup its losses on the prior job. Such admission alone constitutes a rational basis for the imposition of treble damages (*see, Matter of Century Tower Assocs. v State of N. Y. Div. of Hous. & Community Renewal*, 83 NY2d 819, 823; *cf., Matter of Artnor Realty Co. v New York State Div. of Hous. & Community Renewal*, 265 AD2d 183).

We also reject petitioner's argument that the tenant's over-charge complaint should not have been re-opened after it was initially denied since petitioner had submitted the four categories of proof specifically referred to in DHCR Policy Statement 90-10, namely, canceled checks, invoices marked paid in full, a signed contract and a contractor's affidavit. Under the plain wording of the policy statement, submission of such proof does not necessarily end DHCR's inquiry, and DHCR may conduct such inquiry as it deems appropriate to determine compliance with the laws it enforces. While the re-opening order specifically cited inconsistencies only with respect to the plumbing and wiring work allegedly performed, it also stated that the matter would be reconsidered on the basis of the original complaint. This broad scope of review was not irrational, since, as indeed developed, the inconsistencies in the evidence relating to the plumbing and rewiring work raised not only questions of credibility affecting all of the claimed improvements, but also questions as to whether certain other items of work claimed should have been disallowed as routine maintenance.

We have considered petitioner's other arguments, including that the Administrative Law Judge deviated from the standard of proof she had announced at the outset of the hearing, and find them unavailing. Concur—Rosenberger, J. P., Williams, Ellerin, Buckley and Marlow, JJ.