■ In the Matter of YORKROAD ASSOCIATES, by MAYERHAUSER REALTY, INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [797 NYS2d 60]—

Order and judgment (one paper), Supreme Court, New York County (Lottie Wilkins, J.), entered April 27, 2004, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul a determination by respondent New York State Division of Housing and Community Renewal (DHCR), dated August 29, 2003, which affirmed an order of the Rent Administrator finding that petitioner had charged excessive rent for a rent regulated apartment and imposing treble damages for the overcharge, unanimously affirmed, without costs.

Inasmuch as DHCR's files contained no 1999 annual registration statement for the subject apartment and petitioner failed to adduce evidence establishing that the 1999 registration statement was, in fact, filed, the complaining tenant's rent was properly frozen at 1998 levels (*see* Rent Stabilization Code [9 NYCRR] § 2528.3 [a]; § 2528.4). Also proper was that part of DHCR's determination affirming the disallowance of rent

increases for various alleged apartment improvements, since no invoices or proof of payment were submitted for the claimed work. Petitioner's submission of requests to issue checks, which are self-serving documents produced by the managing agent, was insufficient to establish payment for the claimed expenses (*see Matter of 985 Fifth Ave. Inc. v State Div. of Hous. & Community Renewal*, 171 AD2d 572, 574-575 [1991], *lv denied* 78 NY2d 861 [1991]; *Matter of Ista Mgt. v State Div. of Hous. & Community Renewal*, 161 AD2d 424, 426 [1990]). Additionally, DHCR correctly held that invoices for plastering, replacing window glass, refinishing a floor and painting had been correctly disallowed because they were not for improvements, but rather for repairs or normal maintenance (*see Matter of Mayfair York Co. v New York State Div. of Hous. & Community Renewal*, 240 AD2d 158 [1997]). Petitioner's challenge to the disallowance of a brokerage fee paid to a broker married to one of petitioner's officers was without merit where the officer rather than the purported broker dealt with the complaining tenants and showed them the apartment and the brokerage fee check was endorsed by both the broker and her husband. Since the officer and his wife have a clear connection to, and mutual financial interest in petitioner Yorkroad, the broker's fee application was properly rejected (*see* Rent Stabilization Code [9 NYCRR] § 2525.1).

The award of treble damages was appropriately sustained by DHCR since petitioner failed to establish, by a preponderance of the evidence, that the multilayered rent overcharges were not willful (*see Matter of Hawthorne Gardens v State of N.Y. Div. of Hous. & Community Renewal*, 4 AD3d 135, 136 [2004]). Concur—Marlow, J.P., Ellerin, Nardelli and Sweeny, JJ.