■ In the Matter of 425 3RD AVENUE REALTY Co., by MAYER-HAUSER REALTY, INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [816 NYS2d 411]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered March 29, 2005, which denied the petition to annul the decision of the respondent agency finding a rent overcharge and imposing treble damages, and dismissed the proceeding, unanimously affirmed, without costs.

Inasmuch as respondent's files contained no 2002 annual registration statement for the subject apartment and the owner failed to adduce evidence that the 2002 registration statement was, in fact, filed, it was entirely proper to freeze the legal rent at the amount on April 1, 2002, the effective date for the 2002 registration (*see* Rent Stabilization Code [9 NYCRR] § 2528.3 [a]; § 2528.4 [a]; *Matter of Yorkroad Assoc. v New York State Div. of Hous. & Community Renewal*, 19 AD3d 217 [2005]). Invoices for painting, plastering and floor polishing, among other things, were correctly disallowed because they were for ordinary maintenance and repair, rather than for improvements (*see Matter of Mayfair York Co. v New York State Div. of Hous. & Community Renewal*, 240 AD2d 158 [1997]). In any event, the tenant's written consent to the claimed improvements was never obtained (*see Matter of Linden v New York State Div. of Hous. & Community Renewal*, 217 AD2d 407 [1995]). The award of treble damages was appropriate because petitioner failed to establish, by a preponderance of the evidence, that the numerous rent overcharges were not willful (*see Matter of Yorkroad Assoc. v New York State Div. of Hous. & Community Renewal*, 19 AD3d 217 [2005]). We further note that the brokerage fee paid to the wife of a principal of the corporate owner was correctly disallowed (*id.; see* 9 NYCRR 2525.1). Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Malone, JJ.