■ In the Matter of RIVERSIDE EQUITIES, LLC, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and WILLIAM BROWN, Appellant. [871 NYS2d 139]—

Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered December 10, 2007, which granted the petition to vacate the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated March 8, 2007, finding a rent overcharge, directing its refund and imposing treble damages, unanimously reversed, on the law, without costs, and the petition denied and the determination reinstated and confirmed.

DHCR's determination, based largely on credibility, that either the claimed improvements were not made or the costs were greatly inflated and that petitioner willfully submitted false evidence to support its claims was not arbitrary and capricious. The record establishes, inter alia, that the named certificate holder and insured on the construction contract is not petitioner; that the contract scope of work differs significantly from the actual condition of the apartment; that apparently comparable improvements in other similar units in the building cost substantially less; that the checks submitted to demonstrate payment to the contractor do not indicate who endorsed them; and that the contractor could not be found. These discrepancies in petitioner's evidence provide support for DHCR's finding that the evidence was false and a rational basis for its conclusion that the submission of the false evidence was willful (*see Matter of 201 E. 81st St. Assoc. v New York State Div. of Hous. & Community Renewal*, 288 AD2d 89, 89 [2001]). Concur—Tom, J.P., Andrias, Nardelli, Catterson and Moskowitz, JJ. [*See* 2007 NY Slip Op 33990(U).]