■ In the Matter of GRAHAM COURT OWNERS CORP., Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and KYLE TAYLOR, Intervenor-Respondent. [899 NYS2d 7]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), entered November 24, 2008, denying the petition and dismissing the proceeding, unanimously affirmed, without costs.

Respondent Division of Housing and Community Renewal's (DHCR) determination of rent overcharge was properly upheld based on its rejection of petitioner owner's documentation for the claimed improvements (see Matter of Mayfair York Co. v New York State Div. of Hous. & Community Renewal, 240 AD2d 158 [1997]), some of which, such as painting, plastering and floor maintenance, did not in any event constitute improvements (see id.), and the owner's resulting failure to carry its burden of establishing entitlement to a major capital improvement increase (see Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [1]; Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal, 171 AD2d 572, 574-575 [1991], lv denied 78 NY2d 861 [1991]). DHCR's discrediting of the owner's documen-

tation for some of the claimed improvements permissibly tainted its view of others (*see Matter of Lucot, Inc. v Gabel*, 20 AD2d 94, 97 [1963], *affd* 15 NY2d 774 [1965]).

Treble damages were properly imposed because the owner failed to establish that its overcharges were not willful (*see Matter of 425 3rd Ave. Realty Co. v New York State Div. of Hous. & Community Renewal*, 29 AD3d 332, 333 [2006]).

We have considered the owner's other contentions and find them unavailing. Concur—Friedman, J.P., Catterson, McGuire, Acosta and Renwick, JJ.