OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
Petitioner’s application for an order pursuant to CPLR article 78, reversing, annulling, and setting aside the denial of a petition for administrative review under docket No. ZK410042RO, and reversing treble damages assessed, is denied and the proceeding is dismissed with costs and disbursements to respondents.
Petitioner 1234 Broadway, LLC is the owner of the single-room occupancy building located at 38 West 31st Street, New York, New York (the subject premises). Respondent Saukam Lau is a tenant of unit 624 located at the subject premises. Respondent Division of Housing and Community Renewal (DHCR) is the administrative agency responsible for the administration of the Rent Stabilization Law of 1969 (RSL) as codified at Administrative Code of the City of New York § 26-501 et seq.
On December 22, 2009, Lau filed an overcharge complaint with DHCR alleging that petitioner wrongfully increased her legal regulated rent from $571.18 to $596.88, pursuant to New York City Rent Guidelines Board (RGB) Hotel Order No. 38 (Hotel Order No. 38), which permitted a 4.5% increase of legal regulated rent if the total number of permanent rent-stabilized tenants occupied at least 85% of the total number of all residential units. Lau alleged that fewer than 85% of the units at the subject premises were rented to permanent rent-stabilized tenants, based on a belief that 60 or more units were vacant at the time of the increase. Additionally, Lau alleged that she had been living with her husband at the subject premises since 1985, yet neither her name nor her husband’s name appeared on the September 19, 2008 certified registration rent roll report for the year 1985; registration information was reported for this room beginning 1988.
Petitioner denied Lau’s allegations; averred that Lau had no proof of the allegations made in the complaint; and maintained *595 that it was entitled to a 4.5% increase because “rent regulated rooms constituted more than 85% of the rooms in the building.” (Petitioner’s exhibit C.) In an affidavit, petitioner stated that at the time of Hotel Order No. 38, there were 258 tenancies at the subject premises, of which 221 were subject to rent regulation. Petitioner also averred that Lau occupied two rooms, and that Lau’s rooms were properly registered under units “624625.”
Lau responded that there were conflicting numbers with respect to the total number of units at the subject premises: (1) the New York City Department of Buildings indicated that the subject premises contained over 300 units; (2) the building registration with the New York City Department of Housing Preservation and Development reflected that the subject premises contained 348 units; and (3) petitioner’s previously sworn affidavit indicated that the subject premises contained 325 units, all of which would render the subject premises less than 85% occupied by rent-stabilized tenants.
DHCR directed petitioner to submit evidence demonstrating that 85% of the total rooms in the building were subject to rent regulation, and subsequently directed petitioner to submit a night auditor’s report and a rent ledger. On June 14, 2011, DHCR noted that petitioner had failed to submit the requested evidence and that based upon the evidence in its files, petitioner was not entitled to a rent adjustment.
By mailing dated July 19, 2011, petitioner received a Final Notice to Owner — Imposition of Treble Damages on Overcharge, for failure to submit the requested evidence. Petitioner was given a final opportunity to show that there was no overcharge and/or that any overcharge was not willful. On August 9, 2011, petitioner submitted a letter response, a copy of the September 30, 2008 rent roll report, and an affidavit clarifying that there were 250 housing accommodation units, of which 213 units were subject to rent regulation. Petitioner asserted that it had a reasonable belief that it was entitled to the rent increase and that there was no basis to impose treble damages. Petitioner also averred that the complaint should be denied for lack of standing, as the tenant of record was Shen Fuk Chan and not Saukam Lau.
On October 27, 2011, the Rent Administrator (RA) determined that petitioner had collected rent overcharges from Lau (the order finding rent overcharge), and awarded $848.10 for overcharged rent, assessed $1,696.20 for treble damages on the overcharge, and directed petitioner to roll back the rent from *596 $596.88 to $571.18. The RA also determined that Lau did have standing, as petitioner had recognized Lau as the tenant of record in its reply, and registration records indicated that Lau was the tenant of record.
On November 30, 2011, petitioner filed a petition for administrative review (PAR). In the PAR, petitioner claimed that the RA did not consider its August 9, 2011 letter, the September 30, 2008 rent roll, and supporting affidavit. However, the DHCR record contained those documents, which were date stamped August 10, 2011. Petitioner contended that Lau had submitted no evidence to substantiate her allegations; that the order finding rent overcharge made no findings of fact with respect to the actual percentage of rent-regulated units at the subject premises and cited no evidence in support of its conclusions of law; and that the method of calculating the 85% occupancy threshold was subject to interpretation and petitioner had a rational good faith belief that it had met that threshold and was entitled to the guideline rent increase.
Lau opposed petitioner’s PAR, noting that RGB hotel orders have historically included provisos conditioning an owner’s entitlement to a guideline rent increase on an occupancy threshold; that the explanatory statement issued in conjunction with Hotel Order No. 38 explained that the 85% occupancy threshold be calculated by dividing the number of occupied rent-stabilized units by the total number of residential units; that petitioner submitted inconsistent evidence with respect to the number of occupied rent-stabilized units and failed to submit any evidence with respect to the total number of units at the subject premises; that the RA had properly determined that petitioner had failed to establish its entitlement to the guideline rent increase; and that petitioner had failed to establish that the overcharge was not willful.
Petitioner replied stating that the September 30, 2008 rent roll established that 216 units out of 252 units at the subject premises, or 85.71% were subject to rent stabilization; that petitioner had submitted sufficient evidence to establish its entitlement to the guideline rent increase and explained all purported inconsistencies between the various figures that it had provided; that respondents had failed to produce any evidence to rebut petitioner’s evidence; and there was no evidence in the administrative record to rebut petitioner’s evidence that it had a good faith belief in its entitlement to the guideline rent increase.
*597 On December 21, 2012, DHCR’s Commissioner denied the PAR (the order and opinion). The Commissioner opined that the RA had considered petitioner’s August 9, 2011 letter and the September 30, 2008 rent roll, but determined that the rent roll was insufficient because it did not address the number of vacant units at the subject premises and failed to prove that 85% of the subject premises were occupied by rent-stabilized tenants. The rent roll only contained the number of rooms that were allegedly rented and of this number, those that were allegedly rented to rent-stabilized tenants; it did not provide any information regarding the total number of units at the subject premises.
Petitioner commenced the instant proceeding challenging the order and opinion. Petitioner avers that: (1) DHCR’s determination denying petitioner’s rent increase was arbitrary and capricious; (2) petitioner rationally relied on its records and a reasonable interpretation of Hotel Order No. 38; (3) DHCR’s determination was not supported by substantial evidence and violated due process; (4) the complaint should have been denied for Lau’s failure to provide proof in support of her claims; and (5) the overcharge was not willful.
Respondent DHCR opposes the instant proceeding on the grounds that it properly determined the overcharge and treble damages, and that its determination has a rational basis. Respondent Lau opposes the instant proceeding on the grounds that: (1) petitioner’s interpretation of Hotel Order No. 38 is inaccurate; (2) DHCR acted entirely within its statutory authority when it made the overcharge determination and assessed treble damages; and (3) the burden rests with petitioner to show that it satisfied Hotel Order No. 38.
Petitioner replied on the grounds that: (1) the order and opinion is irrational, as Lau did not meet her burden of proof and did not submit substantial evidence to rebut the records and affidavits submitted by the owner; (2) DHCR’s interpretation and application of Hotel Order No. 38 is contrary to the RSL; (3) DHCR failed to show that the order and opinion met due process requirements; and (4) treble damages should be revoked, as there is a rational belief of entitlement to the rent increase and a lack of clarity in law and its application.
“Where a claim has been filed by the tenant of a rent-stabilized housing unit with DHCR, the question of rent overcharge and enforcement of the resulting order are matters wholly within the province of the administrative agency.” (Crimmins v Handler & Co., 249 AD2d 89, 90 [1st Dept 1998].) *598 “DHCR has a broad mandate to administer the rent regulatory system . . . and courts regularly defer to its interpretation and application of the laws it is responsible for administering, so long as its interpretation is not irrational.” (Matter of Hicks v New York State Div. of Hous. & Community Renewal, 75 AD3d 127, 130 [1st Dept 2010] [citations omitted]; see also Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545 [1997].) If a penalty is imposed by the agency, “the sanction must be upheld unless it shocks the judicial conscience and, therefore, constitutes an abuse of discretion as a matter of law.” (Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000].)
In reviewing the instant article 78 proceeding, this court may not disturb an administrative decision unless the agency’s action was arbitrary and capricious, was in violation of lawful procedures, or was made in excess of its jurisdiction. (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974].) It is well settled that this court “may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion” (id. at 232 [emphasis and citation omitted]).
Hotel Order No. 38 applies to units in buildings subject to the hotel section of the RSL (Administrative Code §§ 26-504 [c]; 26-506, as amended) or the Emergency Tenant Protection Act of 1974 (McKinney’s Uncons Laws of NY [L 1974, ch 576, §§ 4, 5 (a) (7)]). Effective October 1, 2008, Hotel Order No. 38 permitted a 4.5% increase of legal regulated rent, with the proviso that the increase
“shall be 0% if permanent rent stabilized or rent controlled tenants paying no more than the legal regulated rent . . . constitute fewer than 85% of all units in a building that are used or occupied, or intended, arranged or designed to be used or occupied in whole or in part” (emphasis omitted).
An explanatory statement issued in conjunction with Hotel Order No. 38 reads in pertinent part:
“The Board’s intention for the meaning of this proviso is that ALL dwelling units in the hotel, whether occupied, vacant, rented to tourists, transients, contract clients, students or other non-permanent tenants, or to permanent rent stabilized tenants, be *599 counted in the denominator of the calculation. The only type of units in the hotel that may be excluded from the denominator are units that are used as stores or for similar business purposes such as doctor’s offices. The numerator of the calculation is the number of units occupied by permanent rent stabilized or rent controlled tenants.”
DHCR’s interpretation and application of the 85% proviso contained in Hotel Order No. 38 is rational, as the plain letter of the proviso mandates that the denominator shall include all residential units, and the numerator shall include the number of units occupied by permanent rent-stabilized or rent-controlled tenants. DHCR rationally and properly found that petitioner had charged and collected rent overcharges from Lau, as petitioner failed to submit evidence that 85% of the total units of the subject premises were occupied by rent-stabilized tenants. DHCR’s determination, as based on the record of this proceeding, was not arbitrary or capricious. Accordingly, this court will not disturb the December 21, 2012 order and opinion denying petitioner’s PAR.
Section 26-516 (a) of the RSL provides that any owner who is found to have collected an overcharge “shall be liable to the tenant for a penalty equal to three times the amount of such overcharge.” The burden is on the owner to prove that the increase was not willful or negligent. Treble damages are properly imposed when the owner fails to carry its burden by a preponderance of the evidence. (See Matter of 425 3rd Ave. Realty Co. v New York State Div. of Hous. & Community Renewal, 29 AD3d 332 [1st Dept 2006]; Matter of Yorkroad Assoc. v New York State Div. of Hous. & Community Renewal, 19 AD3d 217 [1st Dept 2005]; Matter of DeSilva v New York State Div. of Hous. & Community Renewal Off. of Rent Admin., 34 AD3d 673 [2d Dept 2006]; Matter of Ador Realty, LLC v Division of Hous. & Community Renewal, 25 AD3d 128 [2d Dept 2005].)
DHCR did not act arbitrarily or capriciously by imposing treble damages on the basis of an overcharge resulting from petitioner’s failure to establish its entitlement to the 4.5% guideline rent increase, and the amount of treble damages assessed does not shock this court’s conscience. Petitioner’s arguments regarding willfulness are without merit, as the September 30, 2008 rent roll provided by petitioner to DHCR did not address the number of vacant units at the subject premises and, therefore, failed to prove that the subject premises were 85% oc *600 cupied by rent-stabilized or rent-controlled tenants. Accordingly, petitioner’s application for an order reversing treble damages is denied.
Petitioner’s remaining arguments are without merit.
Accordingly, it is hereby, adjudged that petitioner’s application for an order pursuant to CPLR article 78, reversing, annulling, and setting aside the denial of a petition for administrative review under docket No. ZK410042RO, and reversing treble damages assessed, is denied and the proceeding is dismissed with costs or disbursements to respondents.