Matter of 125 St. James Place LLC v New York State Div. of Hous. & Community Renewal (2018 NY Slip Op 00614)





Matter of 125 St. James Place LLC v New York State Div. of Hous. & Community Renewal


2018 NY Slip Op 00614


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Renwick, J.P., Richter, Tom, Gesmer, Oing, JJ.


5577 100219/16

[*1]In re 125 St. James Place LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.


Hagan, Coury & Associates, Brooklyn (Paul Golden of counsel), for appellant.
Mark F. Palomino, New York (Anita Shia of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered August 24, 2016, denying owner's petition to annul and vacate the order of respondent New York State Division of Housing and Community Renewal (DHCR), dated December 21, 2015, which denied owner's petition for administrative review (PAR) of a determination finding a rent overcharge and awarding treble damages, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's determination of a rent overcharge was rationally based and neither arbitrary nor capricious, based upon its rejection of petitioner owner's documentation of claimed improvements (see Matter of Graham Court Owners Corp. v Division of Hous. & Community Renewal, 71 AD3d 515 [1st Dept 2010]; Matter of 985 Fifth Ave., Inc. v State Div. of Hous. & Community Renewal, 171 AD2d 572, 574-575 [1st Dept 1991], lv denied 78 NY2d 861 [1991]). Given the identity of interest between petitioner and the general contractor, DHCR was justified in requesting additional proof of cost and payment of the work (see DHCR Policy Statement 90-10; see also Matter of 201 E. 81st St. Assoc. v New York State Div. of Hous. & Community Renewal, 288 AD2d 89 [1st Dept 2001]; Matter of Waverly Assoc. v New York State Div. of Hous. & Community Renewal, 12 AD3d 272 [1st Dept 2004]).
DHCR also properly held that certain expenses, including for painting, plastering, and repairing wood floors, were for normal maintenance and repair, and not "improvements" (see 9 NYCRR § 2522.4; Matter of Yorkroad Assoc. v New York State Div. of Hous. & Community Renewal, 19 AD3d 217 [1st Dept 2005]; Matter of Mayfair York Co. v New York State Div. of Hous. & Community Renewal, 240 AD2d 158 [1st Dept 1997]).
As petitioner failed to establish that the overcharge was not willful, the imposition of treble damages was proper (see Matter of Century Towers Assoc. v State of N.Y. Div. of Hous. & Community Renewal, 83 NY2d 819 [1994]; Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal, 7 AD3d 453 [1st Dept 2004]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK