Butterworth v 281 St. Nicholas Partners, LLC (2018 NY Slip Op 02395)





Butterworth v 281 St. Nicholas Partners, LLC


2018 NY Slip Op 02395


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Acosta, P.J., Tom, Oing, Moulton, JJ.


6222 150121/14

[*1]Eve Cuyen Butterworth, et al., Plaintiffs-Appellants-Respondents,
v
281 St. Nicholas Partners, LLC, et al., Defendants-Respondents-Appellants.


Ronald Paul Hart, P.C., New York (Ronald P. Hart of counsel), for appellants-respondents.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered November 23, 2016, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint on the ground that the first rent overcharge occurred more than four years prior to plaintiffs filing their complaint, granted that part of plaintiffs' cross motion for summary judgment on the rent-overcharge claim, and denied that part of the cross motion as sought treble damages, unanimously modified, on the law, to the extent of granting plaintiffs treble damages limited to two years prior to the commencement of this action, limiting the rent- overcharge damages to those overcharges which occurred within four years of the commencement of the action, and remanding the matter for a re-calculation of plaintiffs' damages, and otherwise affirmed, without costs.
The court properly looked back beyond the four-year limitations period for plaintiffs' rent-overcharge claim (CPLR 213-a) to establish the proper base rent, in that sufficient indicia of fraud existed (see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 366-367 [2010]). While neither an increase in rent, standing alone, nor plaintiffs' skepticism about apartment improvements suffice to establish indicia of fraud (see Matter of Grimm, 15 NY3d at 367; Breen v 330 E. 50th Partners, LP, 154 AD3d 583 [1st Dept 2017]), here at the same time that the predecessor landlord increased the rent from $949.34 to $1,600 in plaintiffs' initial lease, it also ceased filing annual registration statements for 2007 through 2012. Moreover, plaintiffs' initial lease contained a "Deregulation Rider for First Unregulated Rent," which left blank spaces which would have indicated either that the last legal regulated rent or the new legal rent exceeded the $2,000 threshold for deregulation, and may well be viewed as an attempt to obfuscate the regulatory status of the apartment, despite that the rent had not reached the $2,000 threshold.
Nevertheless, while the court properly determined that the last legal rent was $949.34, and that the complaint should not be dismissed based on this four-year limitation period, this look back based on such indicia of fraud did not warrant assessing overcharge damages for the entire period. Rather, "section 213-a merely limits tenants' recovery to those overcharges occurring during the four-year period immediately preceding [plaintiffs'] rent challenge" (Conason v Megan Holding, LLC, 25 NY3d 1, 6 [2015]; CPLR 213-a).
Furthermore, the discrepancies in plaintiffs' initial lease, and the lack of any annual registration statements after the increase, coupled with the fact that the $1,600 did not reach the threshold for deregulation, demonstrate that defendant landlord failed to show by a preponderance of evidence that it did not act willfully (see Matter of Yorkroad Assoc. v New York State Div. of Hous. & Community Renewal, 19 AD3d 217, 218 [1st Dept 2005]; Matter of Sohn v New York State Div. of Hous. & Community Renewal, 258 AD2d 384 [1st Dept 1999]). [*2]However, "[n]o penalty of three times the overcharge may be based upon an overcharge having occurred more than two years before the complaint is filed" (Administrative Code of City of NY § 26-516 [a][2][i]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK