Matter of Aidekman v State of N.Y. Div. of Hous. & Community Renewal (2024 NY Slip Op 04896)

Matter of Aidekman v State of N.Y. Div. of Hous. & Community Renewal

2024 NY Slip Op 04896

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rosado, O'Neill Levy, JJ. 

Index No. 154361/21 Appeal No. 2745 Case No. 2023-04877 

[*1]In the Matter of Matthew Aidekman, Petitioner-Appellant,
v
State Of New York Division of Housing and Community Renewal, Respondent-Respondent, 232 Elizabeth LLC, Respondent-Intervenor-Respondent.

Alterman & Boop LLP, New York (Arlene F. Boop of counsel), for appellant.
Mark F. Palomino, General Counsel, New York State Division of Housing and Community Renewal, New York (Lauren K. Lipnick of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about September 9, 2023, which, to the extent appealed as limited by the briefs, denied the petition seeking to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated March 12, 2021, denying a petition for administrative review affirming an order of the Rent Administrator determining that petitioner was not entitled to treble damages on a rent overcharge, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the proceeding reinstated, DHCR's determination that the rent overcharge was not willful annulled, and the matter remanded to DHCR for further proceedings consistent with this decision.
Supreme Court should have awarded treble damages to petitioner, as there was no rational basis for DHCR's finding that respondent 232 Elizabeth LLC (the owner) did not willfully overcharge petitioner's rent from 2011 through 2014, and the finding was therefore arbitrary and capricious (see e.g. Matter of 425 3rd Ave. Realty Co. v New York State Div. of Hous. & Community Renewal, 29 AD3d 332, 333 [1st Dept 2006]).
Although as Supreme Court found, the owner did not engage in a fraudulent scheme to deregulate the apartment, this finding alone, considering the totality of the circumstances, is not equivalent to a determination that the owner met its burden as to the lack of willfulness of its overcharges.
Indeed, even accepting DHCR's factual findings about whether there was a scheme to deregulate, the owner failed to sustain its burden of showing by a preponderance of the evidence that it did not willfully overcharge petitioner. On the contrary, DHCR's conclusion is contrary to the evidence affirmatively demonstrating that the owner's overcharge was, in fact, willful (see e.g. Matter of Bronx Boynton Ave. LLC v New York State Div. of Hous. & Community Renewal, 158 AD3d 589, 590 [1st Dept 2018]; Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal, 7 AD3d 453, 455 [1st Dept 2004]). Although petitioner had a nonstabilized 2007 lease with the prior owner, DHCR found that the owner treated the apartment as rent stabilized from the time it acquired the building, and in fact registered the apartment as rent stabilized in 2010. As a result, there is no rational basis to find that the nonstabilized 2006 lease confused the owner about the status of the apartment from 2011 onward, when the owner was overcharging petitioner.
We reject the owner's argument that its refund of the amount of the overcharge to petitioner based on DHCR Policy Statement 89-2 alone was sufficient to rebut the presumption of willfulness, as the owner's interpretation of the policy statement is out of harmony with the Rent Stabilization Law (see e.g. Two Assoc. v Brown, 127 AD2d 173, 181-182 [1st Dept 1987], lv denied 70 NY2d 792 [1987]).
We [*2]have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024