Matter of Wadsworth Assoc. LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 05659)

Matter of Wadsworth Assoc. LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 05659

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 160054/23|Appeal No. 4942M-4529|Case No. 2024-02494|

[*1]In the Matter of Wadsworth Associates LLC, Petitioner-Appellant-Respondent,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent-Appellant.

Sidrane, Schwartz-Sidrane, Perinbasekar & Littman, LLP, Rockville Centre (Arun Perinbasekar of counsel), for appellant-respondent.
Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Sandra A. Joseph of counsel), for respondent-appellant.

Judgment (denominated an order), Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about February 29, 2024, which denied in part the petition, brought pursuant to CPLR article 78, insofar as it sought to annul the August 17, 2023 determination of respondent New York State Division of Housing and Community Renewal (DHCR) finding a rent overcharge due to unsubstantiated individual apartment improvements (IAIs), and granted in part the petition and vacated the award of treble damages, unanimously affirmed, without costs.
The finding of rent overcharges was rational and not arbitrary and capricious (see CPLR 7803[3]; Matter of Pell v Board of Educ. 0f Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). There is record evidence to support DHCR's conclusion that there was an identity of interest between petitioner's management company and the contractor it hired to perform IAIs in the subject apartment at the time the work was performed. As such, on remand in the administrative proceeding, the rent administrator (RA) appropriately requested additional proof of costs and payment (see Matter of 125 St. James Place LLC v New York State Div. of Hous. & Community Renewal, 158 AD3d 417, 417 [1st Dept 2018]; DHCR Policy Statement 90-10). The RA also did not exceed the scope of the agency remand order, which allowed any further investigation that the RA deemed necessary (see Matter of 201 E. 81st St. Assoc. v New York State Div. of Hous. & Community Renewal, 288 AD2d 89, 90 [1st Dept 2001]).
There is also record evidence to support the finding that petitioner did not sufficiently substantiate payments made to the contractor for work in the subject apartment, as the proffered payroll records consisted only of checks written to individuals on a weekly basis with no indication of the work performed or its location. Further, the DHCR inspector's report supports the finding that the wood floors underwent "normal maintenance and repair" instead of "improvements" (Matter of 125 St. James Place LLC, 158 AD3d at 417), and record evidence supports the finding that certain invoices were illegible.
Petitioner's arguments regarding the weight of evidence or credibility of its affiants are unavailing. "[E]ven if different conclusions could be reached as a result of conflicting evidence, a court may not substitute its judgment for that of the agency when the agency's determination is supported by the record" (Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 425, 429 [1st Dept 2007], affd 11 NY3d 859 [2008]; see also Matter of Graham Ct. Owners Corp. v Division of Hous. & Community Renewal, 71 AD3d 515, 515-516 [1st Dept 2010]; Matter of Hawthorne Gardens v State of New York Div. of Hous. & Community Renewal, 4 AD3d 135, 136 [1st Dept 2004]).
We find that the award of treble damages was appropriately vacated, for the following reasons. DHCR found that petitioner failed to rebut the presumption of willfulness because the facts did not fit the parameters outlined in the three examples given in DHCR Policy Statement 89-2 (see generally Administrative Code of City of NY § 26-516[a]; 9 NYCRR 2526.1[a][1]; Matter of Aidekman v State of N.Y. Div. of Hous. & Community Renewal, 231 AD3d 463, 463-464 [1st Dept 2024]). However, those are not the only grounds by which an owner can show the absence of willfulness. DHCR's prior decisions hold: "Where the existence of claimed improvements is undisputed, but their cost is not established, the resulting overcharge is not generally trebled" (Matter of Laurice Najjar, DHCR Admin Review Docket No. ZB210004RO [Apr. 13, 2011]).
DHCR previously found no willfulness where "an agency inspection confirmed that 18 out of 21 improvements on the contractor invoice were made," and the owner paid for the other three improvements and "calculated the rent increases . . . based on all of the work he paid for" (Matter of Anthony Lauto et al., DHCR Admin Review Docket No. IS210025RK [Feb. 9, 2021]). Moreover, the DHCR inspector here found that most of the claimed work was performed. As such, DHCR's unexplained deviation from prior similar cases was arbitrary and capricious (see Matter of Howard Johnson Co. v State Tax Commn., 65 NY2d 726, 727 [1985]; see also Matter of 20 Fifth Ave., LLC v New York State Div. of Hous. & Community Renewal, 109 AD3d 159, 163 [1st Dept 2013]). DHCR proffered no other reason to find that petitioner failed to meet its burden regarding willful conduct (see Matter of Reclaim the Records v New York State Dept. of Health, — NY3d &mdash, 2025 NY Slip Op 03102, *5 [2025], quoting Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74 [2017] ["[J]udicial review of an administrative determination is limited to the grounds invoked by the agency and the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis"]).
We have considered the remaining contentions and find them unavailing.
M-2025-4529 — In the Matter of Wadsworth Associates LLC v New York State Division of Housing and Community Renewal
Motion by petitioner to strike points "a" through "c" of DHCR's reply brief as an improper sur-reply, granted except as to the penultimate paragraph of point "c," which appropriately addresses issues in the cross-appeal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025