■ In the Matter of 2084-2086 BRONX PARK EAST, LLP, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [757 NYS2d 276] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered August 28, 2001, which denied petitioner landlord's application to annul respondent State Division of Housing and Community Renewal's (DHCR) determination finding a rent overcharge after rejecting petitioner's claim to a rent increase for an improvement, unanimously affirmed, without costs.

Petitioner claims that, as required by Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (1), it had obtained the tenant's

written consent to a rent increase based on a $3,000 expenditure for kitchen cabinets. DHCR rationally rejected this claim on the ground that the typewritten lease rider on which petitioner relies was merely a general, prospective agreement to the installation of a new kitchen that did not specify the nature of the improvements to which the tenant was consenting or the amounts to be spent thereon. While the DHCR-mandated standard form lease rider disclosed a $75 rent adjustment, it did not specify the particular improvement on which this adjustment was based. The Commissioner properly declined to consider petitioner's argument, first raised on its PAR, that the tenant's consent was unnecessary because the cabinets were ordered during a vacancy, where petitioner failed to show good cause for not having raised this argument before the Rent Administrator (9 NYCRR 2529.6; see Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal, 171 AD2d 572, 574-575 [1991], lv denied 78 NY2d 861 [1991]). In any event, the purported "order form" submitted in support of this argument is not the type of documentation that DHCR generally requires for the purpose of showing an improvement justifying a rent increase (see Matter of 201 E. 81st St. Assoc. v New York State Div. of Hous. & Community Renewal, 288 AD2d 89, 90 [2001]). Concur—Buckley, P.J., Nardelli, Andrias, Ellerin and Friedman, JJ.