Matter of Decock v State of N.Y. Div. of Hous. & Community Renewal (2024 NY Slip Op 01983)

Matter of Decock v State of N.Y. Div. of Hous. & Community Renewal

2024 NY Slip Op 01983

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Higgitt, Rosado, JJ. 

Index No. 160585/22 Appeal No. 2027 Case No. 2023-01652 

[*1]In the Matter of Gerald Decock, Petitioner-Appellant,
v
State of New York Division of Housing and Community Renewal, et al., Respondents-Respondents.

Leon I. Behar, P.C., New York (Mitchell P. Heaney of counsel), for appellant.
Mark F. Palomino, New York (Yeepan Zhu of counsel), for State of New York Division of Housing and Community Renewal, respondent.
Kasowitz Benson Torres LLP, New York (Jill L. Forster of counsel), for Chelsea Hotel Owner LLC, respondent.

Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about March 27, 2023, denying the petition to annul an October 14, 2022 determination of respondent New York State Division of Housing and Community Renewal (DHCR), which affirmed a decision of the Rent Administrator and concluded that unit 1014 in respondent Chelsea Hotel Owner LLC's building was not subject to the Rent Stabilization Law or Code, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR rationally concluded that petitioner's unit was deregulated in 1994, at a time when the unit became vacant and the legal regulated rent surpassed the threshold then set forth in Rent Stabilization Law (Administrative Code of City of NY) § 26-504.2 and Rent Stabilization Code (9 NYCRR) § 2520.11(r)(2) (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Contrary to petitioner's contention, we find that DHCR had ample basis for its determination regarding the legal regulated rent in 1994. Petitioner failed to challenge the validity of his 1994 rent within the then-applicable limitations period, and DHCR reasonably concluded separately that petitioner effectively conceded what the amount of the legal rent was in 1994.
While DHCR properly reviewed the unit's rent history back to 1994 in order to determine the regulatory status of the unit (see generally Matter of Kostic v New York State Div. of Hous. & Community Renewal, 188 AD3d 569, 569 [1st Dept 2020]), it properly declined to review the rent history preceding the date of deregulation. Petitioner did not raise the issue of a fraudulent scheme to deregulate the unit before the Rent Administrator, nor did he set forth good cause for failing to do so (see Matter of 2084-2086 Bronx Park E. v N.Y. State Div. of Hous. & Community Renewal, 303 AD2d 315, 316 [1st Dept 2003]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024